THE PEOPLE ex rel. NATHANIEL HILL FOWLER and NATHANIEL H. FOWLER, Appellants, *v.* WILLIAM H. BULL, Respondent.

Where the Constitution of the State directs, that certain officers shall be elected by the people, and authorizes the legislature, to fix the term of office, and the time and manner of election; after the length of term has been prescribed by legislative enactment, and the office filled, an act extending the term of the incumbent is unconstitutional.

Under such constitutional provision, however, the power to direct the times and manner of the election, is a continuing power; and a subsequent statute, fixing a different time for election from the former, is repugnant to and repeals so much of it by implication.

*Held,* therefore, that section one of chapter 217, Laws of 1866, extending the term of the incumbents, of the office of justice and clerk of the District Court of the eighth judicial district, in the city of New York, is in conflict with section 18 of article 6, of the constitution of 1846, and is void. That section 2 of said act, appointing a different time for the election of said officers, from that prescribed by the act creating the offices (chapter 300, Laws of 1860), repealed so much of the latter act, and an election under it was invalid.

The provision of section 9, article 2, title 6, chapter 5, part 1, of the Revised Statutes (1 R. S., 117), authorizing certain officers to hold over until a successor has duly qualified, applies only to an appointive, not an elective office.

*The People* v. *Oulton* (28 Cal., 44) disapproved, and *The People* v. *Batcheldor* (2 N. Y., 138) distinguished.

(Argued June 7th, 1871; decided September 5th, 1871)

APPEAL from judgment entered upon decision of late General Term of the first judicial district, denying plaintiff's

application for judgment on verdict, and ordering judgment for defendant.

The action was in the nature of a *quo warranto*, to try the title to the office of justice of the district court in the city of New York, for the eighth judicial district, to which it was claimed the plaintiff was elected on the 4th of December, 1866, for the term of six years, commencing 1st of January, 1867.

The defendant was elected to the office in December, 1860, under the act of April 12 (chap. 300) of 1860; and claimed, that by the act of 24th of March, 1866 (chap. 217), his term of office was extended and continued to and including 31st of December, 1869.

It was proved on the trial, that at the election held in the city of New York, on the 4th of December, 1866, a box was provided and put in charge of the inspectors of the election, in the third district, of the twentieth ward in the city of New York, in the eighth judicial district, which box was marked " Justices, No. 9," and that ballots were received and deposited in it at such election, of which ballot the following is a copy :

 " For Justice of the District Court of the Eighth Judicial District,

N. HILL FOWLER,"

and indorsed "Justices, Number Nine ;" that such ballots were so given by various parties who were electors in the district, and were received, and deposited in the box by Kenyon Perkins, one of the inspectors of the election, and that no other candidate, except Mr. Fowler, was voted for at such election.

The police commissioners had refused to furnish the box, and it was furnished by Mr. Fowler, he having obtained it for that purpose from Mr. Blunt, one of the supervisors. When the ballots were deposited, this box was sitting alongside the other boxes ranged upon the desk, in charge of Mr. Perkins, one of the inspectors. From fifty to seventy-five votes were given and placed in it. About one o'clock in the afternoon, the police officers came and demanded the box and took it away.

These ballots were not counted, but were destroyed.

The relator had not taken the oath of office.

*A. J. Parker*, for appellant. That plaintiff's right is not affected because ballots were destroyed and not canvassed. (*Ex parte Heath*, 3 Hill, 42–47; *People* v. *Cook*, 14 Barb., 298, 261; S. C., affirmed, 8 N. Y., 67, 69.) Taking oath of office not a condition precedent. (Code, § 437; *People* v. *Ryder*, 12 N. Y., 435; *Greenleaf* v. *Low*, 4 Denio, 168; *Weeks* v. *Ellis*, 2 Barb., 320.) Election not affected by fact that no notice was given. (*The People ex rel. Davies* v. *Cowles*, 13 N. Y., 350; *The People* v. *Cook*, 14 Barb., 261, 269, 298; S. C., 8 N. Y., 67–69; 6 Hill, 646; 20 Cow., 102; 20 Wend., 12; 5 Denio, 409.)

*A. J. Vanderpoel*, for respondent. That legislature had power to extend term. (*People* v. *Batchelor*, 22 N. Y., 128; *People* v. *Pinkney*, 32 N. Y., 394; *People* v. *Met. Board of Police*, 19 N. Y., 188.) As to rights at common-law to hold over. (Angel & Ames on Corp., 83; *People* v. *Stratton*, 28 Cal., 382; *People* v. *Oulton*, 28 Cal., 44; *Phillips* v. *Wickham*, 1 Paige, 590; *People* v. *Tieman*, 8 Abb., 359; 30 Barb., 193; *Cordiell* v. *Frizzell*, 1 Nevada, 130; *South Bay Mead. Dam Co.* v. *Gray*, 30 Me., 547; *Foop* v. *Prowse*, 1 Strange, 625; *McCall* v. *The Byram Manufacturing Co.*, 6 Conn., 428; *Cong. Society* v. *Sperry*, 10 Conn., 207; *Spencer* v. *Champion*, 9 Conn., 543; *Pickett* v. *Allen*, 10 Conn., 153.) Law-making power in legislature, save where restricted, or prohibited by Constitution. (15 N. Y., 543; *City of Philadelphia* v. *Fields*, 58 Penn., 324; *People* v. *N. Y. Central R. R. Co.*, 24 N. Y., 487; Dwarris on Statutes, 597.)

FOLGER, J. It is clear, that when the matters occurred with which this case is concerned, the office of justice of the eighth judicial district of New York city, fell within the provision of the Constitution of 1846, contained in the eighteenth section of the sixth article thereof, which is as follows: "All judicial officers of cities and villages, and all such judicial officers as may be created therein by law, shall be elected at such times and in such manner as the legislature may direct."

There was, at that time, but one way of putting any one in that office, except he was placed there to fill a vacancy in it, under some law which the legislature should pass (Const., art. 10, § 5), which was not the case of the defendant. That way was by an election by the people. And that election must have been at such times and in such manner as the legislature might direct. It was as essential that he should be elected at the time, and in the manner directed by the legislature, as that he should be elected. An election at a different time, or in a different manner, was as invalid as a taking of the office otherwise than by election.

The constitutional provision above quoted, recognized the power in the legislature, thereafter to create a judicial officer in the city of New York. And in the exercise of that power, it did, in 1860 (Laws of 1860, chap. 300, p. 519, § 1), create a new judicial district in the city of New York, called the eighth judicial district. It did direct the time for the election of a justice for that district (§ 4), to wit, the then next charter election, which took place in the same year. It did direct the manner in which he should be elected (§ 4), to wit, the same as the justices of the district courts in that city, and that he should hold his office for a term of six years from January 1, 1861.

Under this law, at the charter election in 1860, the defendant was elected to this office by the people. He was elected to it for six years from January 1, 1861. By the constitutional provision, he could have attained the office in no other manner, than by an election to it by the people. By the statutory provision, the people could elect him to it for a term no longer, or shorter than six years from its commencement. When the election was made, it had no other, or further force or validity, than that. For that occasion, the constitutional and statutory power conferred, was fully exercised and spent. To hold the office for any time after the expiration of the term of six years, was to hold it again and anew. And to hold the office again and anew, he must be elected by the people anew, otherwise he would not hold it by an election. And to hold it in any other manner than by an election by the people, was to hold

it in a way that was in disobedience of the Constitution, and was invalid.

After the defendant had taken the office, and just as the term for which he had taken was about to expire, the legislature passed an act (Laws of 1866, chap. 217, p. 471, § 1), extending the term of the office for three years. We think it was not competent for the legislature so to do. It is claimed, that the power in the legislature to fix the length of the term is unlimited, and that, therefore, it may fix and alter and change it at pleasure. It is true that, when the duration of any office is not provided by the Constitution, it may be declared by law. (Const., art. 10, § 3.) It is true that the duration of this office was not provided by the Constitution. But every part of the Constitution is equally obligatory; and a power granted in one provision, must be so exercised as not to clash with a restriction upon power, contained in another provision. And as the term fixed for this office by the legislature, was to be filled by an election to it, the legislature had not the power, by changing the term, to put or keep one in the office otherwise than by an election. The officer must be elected; and the legislature could not, by changing the term after one election, take from the people the right, which they had reserved, to choose who should be the officer. The defendant was elected for six years. For so long, the people made known their will that he should use the office. *Non constat* that they would have willed, that he should use it for nine years. Whether they would or not, the power so to do was reserved to them, and it is an unwarrantable assumption by the legislature, to undertake to exercise it. There is no difficulty in giving simultaneous and according effect, to both of the constitutional provisions above noticed. If the legislature sees proper cause for extending the term of an office, it should at the same time, provide for an election, to fill that extended term. The lengthened duration may be, and should be, so provided for as not to begin, until after the electors have had the opportunity of declaring their will, as to the incumbent for the new term. It is said, that where one has once been

elected to an office, he still remains an elected officer, though
the legislature extends the term of his office, and thus con-
tinue him in office for a term longer than the electors have
chosen him for. And thus, in *Christy* v. *Supervisors of
Sacramento County* (39 Cal., 3), it cannot be denied it is said,
that he was elected to the office, and that he would not be the
incumbent except for his election. But it is to be replied to
this, that neither would he be the incumbent, except for the
action of the legislature, which is not a constitutional source
of title to the office.

And he would look in vain to the election to keep him in
office, after the six years of his elective term had passed. It is
the act of the legislature alone, or grafted upon the prior elec-
tion, which does that. And the act of the legislature, whether
alone or based upon the election, is an element of authority
for the exercise of the office, which the Constitution excludes.

If the legislature can, by extending the term of such an
office, continue in it the holder thereof for one year, it may
for any number of years; and thus the duration of the term
thereof may be perpetuated by legislative power; and the
people, after one exercise of the constitutional power of
choosing certain of their own officers, be ever after that
deprived of it. So the legislature may as well, from time to
time, at the expiration of a term, whether the elective term,
or the legislative extended term approaches, again and again
extend it, and continue in office an incumbent distasteful to
his legitimate constituency. Thus would the theory of the
government be subverted, and its practice be prevented. The
government is the expressed will of a majority of the people,
limited by constitutional restrictions. The practice is, that
such will shall be expressed, at frequently returning periods.
The clause of the Constitution first quoted, for all localities
affected by it, embodies that theory. If the legislature may
take from the people of a locality, the power at properly
returning occasions, of electing certain officers, it effectually
draws to itself the power of filling those offices. For there
is nothing to prevent its distinguishing in the offices, and

continuing in office, by an extension of term, those whom it
favors, and leaving to the chances of a popular election, those
for whom it does not care. It is true, that it might at the
first directing of an election, or in prospect of a coming elec-
tion, fix the duration of the term, at such length, as that
frequent exercise of the people's will might not be had upon
the incumbent. But then, for such lengthy term, the incum-
bent would be the people's choice, and their choice for it for
its whole length. Such course would not operate to fill the
office, contrary to the will of the people expressed according
to law, or without expression of it. When the Constitution
reserves the power to the people of electing an officer, and
thus impliedly forbids the legislature to appoint him, it means
that he, and the filling of his office, shall be subject to the will
of the people, and to it alone. It at the same time gives the
legislature power to declare the duration of the office. But
doing that, it means no more than that, be the time what it
may, and altered in duration when it may, the incumbent
shall be the creature of the people. And thus it guards
against a majority of the legislature, adverse in sentiment to
a majority of the people of a locality, placing or continuing
over them in official power, one whom they would not select.

It is not a question of abuse of power. No such power is
conferred upon the legislature. The continuance in office by
enactment extending the term thereof, of one who has, in the
first place, been elected to it, is not properly the exercise of
the power to declare the duration of an office. In any proper
sense where the office is to be filled by one authority, and the
duration of the term thereof is to be determined by another,
the declaration of the duration must go before the filling, so
that each authority may have its legitimate exercise. And
the power to declare the duration is completely exercised, and
for the time exhausted, when it announces the duration of
the term. When it goes further and declares not only the
duration of the term, but who shall fill the office for that
term, it has invaded the province of another authority. The
legislature may declare, from time to time, and as often as it

sees fit, what shall be the length of the term of this office; but when it designates the one who shall hold the office, it has usurped the power of the people, and its act in that regard is void.

Put this matter to a simple test. The provision of the Constitution was explicit, and was not limited by anything else in that instrument. No one could come to this office but by an election by the people. If the defendant were asked in the fifth, or sixth year of his incumbency, how he held his office, he could truthfully answer, by election by the people. If he were asked in the seventh, eighth, or ninth year, and should make such answer, would it be truthful? The people could elect, but by law for only six years. The six years had gone by. The people had never again elected. The defendant was still using the office. What power sustained him in the use? Could he show any save the statute of 1866, saying (section 1) "the term of office of the justice * * of the district court for the eighth judicial district, in the city of New York, is hereby extended and continued to and including the 31st day of December, 1869, so that the term of office of said justice * * shall expire when the term of office of the present justices * * of the other district courts expire by law." This was his sole show of authority to use the office for those three years.

It will not be claimed, that the legislature could have passed an act, appointing to the office for a term of three years, after the expiration of the defendant's elective term of six years, any person whom it might in the act name. Nor will it be claimed, that it could have passed an act, appointing the defendant to the office by his proper name for that term of three years. That all will concede to be a violation of the Constitution. But is not the violation the same, to continue him in the office by his official name for that time by legislative act? The authority under which he must act for the term is the same in both cases. He would find it not in the voice of the people, but only in the act of the legislature.

The case of the *People* v. *Oulton* (28 Cal , 44) is cited to us to show, that though the defendant might not hold the office by virtue of the act of 1866, he still was lawfully an incumbent of it, as holding over until a successor should be duly elected and qualified. That was the case of a person claiming the office of State librarian, a ministerial office, to which he was, in the first instance, appointed for the term of four years. It is there claimed to be a rule of the common-law that such an officer, at the expiration of his term, may hold over until a successor is duly appointed and has qualified. We are not prepared to assent to the conclusion there arrived at, as one of universal application. The authorities cited to sustain it, do not fully bear it out. It is to be questioned, whether they go further, than that one holding an office, the incumbent of which is, by its tenure, to be annually or periodically appointed or elected, and with no restrictive provision as to the term, may hold over as stated. In *Philips* v. *Wickham* (1 Paige, 594), the chancellor says: " There are, undoubtedly, some common-law officers who are to be elected or appointed periodically, but who, from the necessity of the case, continue to exercise their functions until others are elected or appointed to fill their places. I am not aware," he continues, " of any general principle of the common-law, which authorizes all civil, or corporate officers to hold over after the expiration of the time for which they were elected, until their places are supplied by others." These remarks of his were, to be sure, not upon a point which he considered necessary to be passed upon in the disposition of the case before him. But they induce hesitation in adopting the conclusion arrived at in the case cited to us. The more especially as the court there (28 Cal., 44) expressly declines, to be understood as holding that such a rule extends to judicial officers. (See page 56.) Moreover, in the case at bar, the defendant did not claim to be exercising the office as a hold-over incumbent thereof. He placed his title to it after the expiration of the six years term, explicitly upon the legislative continuance of him in it by the act of 1866. Such is

his answer in the case, and no other right or title is set up. And upon this he must stand.

It is claimed that the case of the *People* v. *Batcheldor* (22 N. Y., 138) makes this question *res adjudicata* in this court. As it would be with much diffidence, that we should differ from the distinguished and accomplished jurist who delivered the opinion in that case, we consider it fortunate that we are not called upon for the purposes of this case to dissent from it. At the same time, however, to prevent misapprehension, it is proper to state, that no inference is to be drawn from anything here said, that the court as at present constituted, would sustain the decision in that case.

In the *People* v. *Batcheldor*, the office in question was one to be filled by appointment. The opinion in it, which prevailed, refers to the provision of law (1 R. S., 117, § 9), that every officer (with some stated exceptions), properly appointed, who shall have duly entered upon the discharge of the duties of his office, shall continue the discharge thereof, although the term of his office shall have expired, until a successor in such office shall be duly qualified. The opinion connects this provision, with the statute which conferred the power of appointment to the office then under consideration, and declares that such power, was to appoint for a prescribed period, and until a successor should be duly appointed and qualified; and that inasmuch as the statute then in question had, in effect, postponed the exercise of that power, so that there could be no appointment of a successor, the incumbent continued to hold indefinitely, by virtue of the provision of the Revised Statutes above given.

" I am prepared, *therefore*," says the distinguished judge, " to hold that the law in question, which, in effect, does no more than this, is not in conflict with the Constitution." The report of the case states, that in so much of the opinion, as relates to the constitutionality of the law extending the term of office, there was a concurrence of enough judges to make a majority of the court.

No provision of the law has been cited, which affects an elective office, as is affected an appointive office by the section of the Revised Statutes above referred to. And as it occurs among sections treating in turn of elective and appointive offices, the legislative intent in it went no further than the latter.

We are, therefore, not constrained by the case in 22 N. Y., to forego the conclusions to which we are led in this case.

And we hold, that the defendant had no right or title to the office of justice of the eighth judicial district court, after the expiration of his term of six years, for the reason that the act of the legislature of 1866, so far as it sought to continue him in office thereafter, was unconstitutional and void.

But it does not follow from this conclusion, that the relator ever acquired a title to the office. If he was not duly elected to the office, he had no title to it. And he could not have been duly elected, unless it was lawful to hold an election in 1866, to choose a person to that office. It was not lawful in that year to hold an election, if the legislature had the power to fix the holding of such election in another year, and to repeal the law for holding it in that year, and if it has so exercised that power as to be operative. The only provisions of law, which we find authorizing the holding of an election to fill that office are as follows: In the act of 1860, (section 4), an election was provided for at the charter election in that year. At that election the defendant was legally chosen; and that passed by. In the fifth section of the act of 1860, it is in general terms provided, that the incumbent of the office, shall be subject to all the legal provisions then existing in relation to the district courts in the city of New York. If this general phrase rendered the office subject to an election, at the time when the offices of the other justices were thus subject, it would not have been on the fourth day of December, 1866, when the relator claims to have been elected. For the time fixed by law for the election of the others was not on that day. (Laws of 1851, chap. 514, p. 957, § 7.) Then comes the act of 1866, which in the second

section fixes the time of the election to this office, at the charter election in the year 1869, and once in every six years thereafter.

As this is the later statute, if it is repugnant in this provision to anything in any former act, the former act is, to that extent, impliedly repealed. A statute, or a part thereof, may be repealed by express words, or by necessary implication. The last effect takes place whenever, by later legislation, it becomes apparent, that the legislature did not intend the former provision to remain in force. If a later statute be repugnant to an older one, so that upon any reasonable construction, they cannot stand together, the first is repealed by implication, though there are no repealing words. It is patent then that the act of 1866, passed the twenty-fourth day of March of that year, having fixed the charter election of 1869 as the time for the election to this office, there could be no lawful election to it in the month of December of 1866, if the legislature had the right to change the time for the election. The Constitution empowers the legislature, in the clause first above quoted, to direct the times and manner of the election. This power is not exhausted by being once exercised. It is a continuing power. And the legislature may, from time to time, as it sees occasion, direct when, and how the election shall take place.

So, as it is not apparent, that the legislature ever directed an election to be held for this office in the year 1866, and as if it did, it afterwards and before the election of that year, changed the time thereof to the year 1869, the form of voting for the relator, on the part of certain of the electors in 1866 was of no avail, their votes went for naught, and the relator was not chosen to the office. (*The Commonwealth* v. *Baxter*, 35 Penn., 263.)

If it be said that the legislature would not have enacted the second section of the act of 1866, directing the time of the election in 1869, if it had not, also, at the same time enacted the first section, continuing and extending the term of office, with a belief that it had power so to do; this may

be.   We are not called upon to decide that.   Though the first section is void, and is, as if it were not, yet the second section remains.   It is not so dependent upon, or connected with the first section, but that it is operative without it.

A portion of a law may be invalid and another portion valid.   An invalid portion will not affect another and distinct provision which is valid.   (*Duer* v. *Small*, 17 How. Pr. R., 205; *Bank, etc.* v. *Dudley*, 2 Peters, 526.)

The provision in the second section of the act of 1866, is so distinct from and independent of all others, as that it may be read, and is intelligible and may be operative, alone.   It was adopted in the exercise of legislative power.   We are not at liberty to repeal it by decision, or to suspend its action, because found in the same statute with a provision, the validity of which is questioned, nor because, if enforced alone, it may work inconvenience.

The relator, not having been chosen to the office, is not entitled to a judgment in his favor.

But, as the defendant was an intruder upon the office, the people are entitled to judgment against him to that effect.

It follows that the judgment of the court below, in favor of the defendant, should be reversed, and that judgment should go for the people against him; but, under the circumstances of the case, without costs to either party, as against the other, in this court.

All concur.

Judgment accordingly.