JASPER A. HICKS, Appellant, v. JAMES S. CHAFFEE and OTHERS, as Commissioners of Highways, etc., Respondents.

*Commissioners of highways — duties of, as to bridges — negligence.*

The defendants, commissioners of highways, were notified, in June, 1875, that a bridge was defective, no particular defect being pointed out. Within a week, they, in company with an experienced bridge builder examined the bridge carefully, from above and below, taking off the planks and testing the timber, but could discover no defect. Shortly after, they caused another experienced bridge builder to examine it, and replace old planks by new, where necessary. In the following month, the bridge fell and injured the plaintiff. The accident was caused by one of the timbers being rotten at the center, which defect could only be discovered by cutting the timber in two.

*Held,* that the defendants were guilty of no negligence, and that the plaintiff was not entitled to recover.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*A. Wager,* for the appellant.

*G. & H. D. Hufcut,* for the respondents.

BARNARD, P. J.:

It is now settled in this State that commissioners of highways are liable to a private action for injuries caused by their neglect to keep the bridges of their town in repair. (*Robinson* v. *Chamberlain,* 34 N. Y., 389 ; *Hover* v. *Barkhoof,* 44 N. Y., 113.)

The plaintiff's horse was injured in passing over a bridge in the town of Amenia, in Dutchess county, and the defendants were the commissioners of highways at the time of the accident. To establish a liability upon the part of the defendants they must have neglected to repair the defective bridge, in question, after notice of its condition, with reasonable and ordinary care and diligence. They must have in their hands funds with which to make the repair, or they must have the power lawfully to raise such funds, if the defect continue sufficiently long. Ignorance of the defect is of itself negligence. The question presented by this appeal is, whether the defendants are proven guilty of negligence. In June, 1875, the

defendants' were informed of the unsafe condition of the bridge. No particular defect was pointed out. Within a week after, the commissioners made a personal examination of the bridge. The commissioners employed an experienced bridge builder to examine the bridge with them. They took off the plank from the bridge so as to try the strength of the timber. They examined every thing, from above and below, carefully. They took a crow-bar and tried every exposed spot, and were unable to discover any symptom of decay in the timber. Very soon after this examination they employed another experienced bridge builder, to repair the bridge. He took off the plank and examined the bridge, replaced such new plank as was needed; within the following month the accident took place. An examination of the ruins, subsequent to the accident, disclosed the fact that one of the timbers was rotten at the center; that the defect could not be seen and could be discovered in no way but by sawing through the defective timber; that this timber had broken and caused the accident. No notice of any particular defect had been given to the commissioners.

I think the referee's finding that there was no negligence proven upon the part of the defendants' is fully sustained by the evidence. There is no absolute undertaking or guaranty upon the part of the defendants that the bridge should, at all times, and under all circumstances, be in proper condition. A reasonable degree of watchfulness in ascertaining its condition from time to time, and preventing its dilapidation, is all that is required by law of them. (*Barton* v. *City of Syracuse,* 36 N. Y., 57; *McCarty* v. *City of Syracuse* 46 id., 194; *Hover* v. *Barkhoof,* 44 id., 113.)

A close examination by one of the commissioners and two bridge builders failed to disclose the defect and did disclose an apparently strong timber. To hold that the defendants, under such circumstances, are liable for a defect which no examination, short of a destruction of the bridge itself would show, is to make the defendants insurers of all structures.

Judgment should be affirmed with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed with costs.