## PEOPLE v. ROUSE.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

**1. GAME LAWS—PENALTIES—ACTION IN ADJOINING COUNTY.**

Penalties for violation of the game laws in one county may be sued for and recovered in an adjoining county by the district attorney of the adjoining county, under Laws N. Y. 1888, c. 577, § 3, which provides that such action "shall be commenced on the order of any game or fish protector * * * 'by any district attorney where the offense shall be alleged to have been committed, or by the district attorney of an adjoining county," and that, if the district attorney of any county where suit may be thus commenced is not able, by reason of the press of other business, to give the case proper attention, the game protector may employ other counsel in the same county, who shall have the same authority in the premises; from which last provision the inference arises that the action was designed to be within the attorney's own county.

**2. SAME—CONSTITUTIONALITY—CHANGE OF VENUE.**

The further provision of section 3 above, that such actions "shall be prosecuted to determination in the county where they shall be commenced," does not deprive the supreme court of its power under the constitution to change the place of trial of such action, where the convenience of witnesses or the ends of justice require it. *People* v. *Coughtry*, 12 N. Y. Supp. 259, followed.

**3. SAME—TRIAL IN COUNTY OF OFFENSE.**

The action in such case, though for a penalty in the name of the people, is a civil action only, and defendant is not entitled to a trial thereof in the county where the cause of action accrued, as provided by the constitution in criminal cases.

Appeal from circuit court, Herkimer county.

Action by the people of the state of New York against Hiram Rouse to recover penalties for killing woodcock, and for having in possession woodcock after the same had been killed, in violation of section 9 of chapter 534 of the Laws of 1879, as amended by chapter 269 of the Laws of 1884. The killing and possession are alleged in the complaint as occurring in Fulton county, in July, 1889. It is also alleged that the action is brought upon the order and complaint of one of the game and fish protectors of the state. The complaint is signed, "Irving R. Devendorf, District Attorney of Herkimer County, Plaintiff's Atty." The place of trial designated in the summons is Herkimer county, which adjoins Fulton. Upon the trial, when the plaintiff rested, the defendant moved for a nonsuit upon the following grounds: "*First*, that this court has no jurisdiction to try this case; *second*, that the district attorney of Herkimer county, who is attorney for the plaintiff in this case, had no authority or right to bring the action in Herkimer county; *third*, that, it appearing that the action is brought to recover penalties for a violation of the game laws, which penalties were incurred in the county of Fulton, the court sitting in the county of Fulton has jurisdiction and authority alone to hear and determine this case." The motion was denied, and the defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*H. B. Cushney*, for appellant. *Irving R. Devendorf*, Dist. Atty., for the People.

MERWIN, J. The questions upon this appeal arise upon the denial of the motion for a nonsuit. The defendant claims (1) that the district attorney of Herkimer county had no right to bring the action in Herkimer county, and (2) that the court sitting in Herkimer county had no jurisdiction to try the case. It is very doubtful whether the first question above stated can be raised upon a motion for nonsuit. Ordinarily the right of the plaintiff's attorney to bring the action, and the correctness of the location of the place of trial, are matters to be questioned, if at all, before the trial is entered upon. Under the Code, (section 985,) if the county designated in the complaint is not the proper county, the action may nevertheless be tried there, unless the proper steps are taken to accomplish a change. Passing this, however, and coming to the statute under which the district attorney acts, it is there (sec-

tion 3, c. 577, Laws 1888) provided that suits of this character "shall be commenced on the order of any game and fish protector, in the name of the people, by any district attorney where the offense shall be alleged to have been committed, or by the district attorney of an adjoining county; and such suits shall be prosecuted to determination in the county where they shall be commenced, unless, for good cause appearing, a discontinuance shall be directed by the chief game and fish protector." The section further provides that if the district attorney of any county where suits may be thus commenced is not able, by reason of the press of other business, to give the case proper attention, the game protector may employ other counsel in the same county to commence and conduct such suits to termination, with the same authority in the premises that the district attorney would have. This section, it will be seen, very distinctly gives the district attorney of an adjoining county the power to act, and the inference is quite strong that such action was designed to be within his own county. Very clearly the legislature intended to confer the right to bring such suits in an adjoining county. There was otherwise no reason for designating the prosecuting official of such county. The question here is not affected by the case of *People* v. *McDonald*, 108 N. Y. 655, 15 N. E. Rep. 444, reversing 44 Hun, 592. In that case the district attorney of Fulton county commenced an action for penalties incurred in the adjoining county of Saratoga, and the place of trial was laid in Fulton county. A motion was made at special term to dismiss the complaint, upon the ground that the district attorney of Fulton county was not authorized to bring the action for a penalty incurred in Saratoga county. The statute under which the district attorney acted (section 1, c. 591, of 1880, as amended by chapter 317 of 1883) did not confer any specific authority upon the district attorney of an adjoining county to act, and for that reason it was held that the motion should have been granted. See dissenting opinion of LEARNED, P. J., at general term, adopted by the court of appeals. In the statute in the present case we have the specific authority that the *McDonald Case* lacked. The question raised as to the jurisdiction of the court seems to be based upon two propositions: *First*, that the act of 1888 is unconstitutional, in that it provides that the actions "shall be prosecuted to determination in the county where they shall be commenced," thereby abridging the constitutional jurisdiction of the supreme court, and preventing it from changing the place of trial for good cause shown; *second*, that a party sued for a penalty has a constitutional right to a trial by jury in the county where the penalty was incurred. In *People* v. *Coughtry*, 12 N. Y. Supp. 259, it was held that, notwithstanding the provision above quoted, the supreme court had power to change the place of trial when the convenience of witnesses or the ends of justice demanded it, and that there was no design on the part of the legislature to abridge the jurisdiction of the court. Even if that particular provision was unconstitutional, it would not affect the other provisions. *People* v. *Kenney*, 96 N. Y. 294. It would leave the defendant to his ordinary remedy for changing the place of trial. We fail to see how the defendant's right to a trial by jury has been interfered with. The action, though for a penalty, and in the name of the people, is only a civil action, (*People* v. *Briggs*, 114 N. Y. 65, 20 N. E. Rep. 820,) and the incidents of civil actions apply to it. No law or case is cited to the effect that in a civil action a defendant has a constitutional right to a trial by jury in the county where the cause of action accrued. What the rule may be in criminal actions it is not necessary here to inquire. We think that the motion for a nonsuit was properly denied. Judgment affirmed, with costs.

All concur.