Devoy *v.* Mayor &c. of New York.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Gould* and *Barnard,* Justices.]

DEVOY *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK.

Where an oath of office is filed in the office of the county clerk as required by law, a copy of such oath, properly certified by the clerk, is admissible in evidence, in an action to recover the salary of the officer.

The rule which excludes papers from being received in evidence on account of an unexplained alteration, applies to papers in possession of the party to be injured or benefited thereby, but not to official documents, not in the custody or under the control of the party.

The office of clerk of the police court, in the city of New York, having been in existence before the adoption of the constitution of 1847, and being a local office, the power to fill it was, at that time, and continued to be, in the city or county authorities, and could not be vested, by an act of the legislature, in any other body.

Accordingly, *held,* that where B. was appointed clerk of the police court, by the mayor and common council, on the 31st of December, 1857, his appointment was valid; notwithstanding the provisions of the metropolitan police act of April 15, 1857, by which the appointment of clerks of the district courts is vested in the board of police.

THIS action was brought to recover the sum of $364.58, alleged to be due to Edwin Bouton, from the defendants, for three months' salary as police clerk. The complaint al-

leged that on or about the 31st day of December, 1857, pursuant to the statute in such case made and provided, the defendants hired, employed and appointed said Bouton as police clerk in one of the police courts of the city of New York, at the salary of $1458.35 a year, payable monthly; that in pursuance of his appointment and employment aforesaid, the said Bouton, on or about the day aforesaid, took the oath of office in due form and manner, and qualified according to law for the performance of his duties. That having duly qualified as aforesaid, he entered on the performance of his duties and in the service of the defendants, on or about the first day of January, 1858; and thence to the first day of July, 1858, duly performed his duties as such clerk, pursuant to such appointment. That on the first of July, 1858, the defendants were justly indebted to said Bouton for three months' salary, from the first day of April to the first July, 1858, in the sum of three hundred and sixty-four dollars and fifty-eight cents; and that the said claim of Bouton had been duly assigned to the plaintiff.

The answer of the defendants put in issue the allegations of the complaint, and averred that the defendants had no power or authority to appoint clerks for the police courts, but that the same is vested in the board of police commissioners, established by an act of the legislature, passed April 15th, 1857.

On the trial, before Justice MULLIN and a jury, at the New York circuit, in November, 1860, the plaintiff proved the passage of resolutions by the common council, in 1852 and 1855, fixing and increasing the salaries of the several clerks of the police and justices' courts; and the passage of a resolution, on the 31st of December, 1857, appointing Edward Bouton clerk of the first district police court. Bouton, being examined as a witness, testified that he was the person so appointed; that he entered on the discharge of his duties on the 1st of January, 1858, and continued in office till the 1st day of July, 1858, when he resigned, because he could not

get his salary. He also proved the assignment of the account to the plaintiff. It was admitted that the board of police had appointed a person to the same office of police clerk. The plaintiff's counsel then offered in evidence a certified copy of an oath of office, purporting to have been taken and subscribed by the said Bouton in writing, and filed in the office of the clerk of the city and county of New York. It purported to have been sworn to on the 31st day of December, 1857, before Fernando Wood, mayor. The county clerk certified it to be a correct copy of the original oath on file in his office. This offer was objected to by the defendants' counsel, on the ground that the original should be produced. The objection was sustained by the court, and the plaintiff's counsel excepted. The original oath of office being produced by the second marshal in the mayor's office, the person having charge of the oaths of office filed in that office, the plaintiff's counsel offered to read it in evidence. The defendants' counsel objected, on the ground that it appeared on the face of the paper that the date of the jurat had been altered from the 2d of January, 1858, to the 31st of December, 1857. Whereupon the judge held that the burthen of explaining said alteration lay on the plaintiff, and the plaintiff being then unable to make any explanation about it, the justice sustained the objection, and the plaintiff's counsel excepted. The plaintiff's counsel then moved to postpone the trial of the cause, to enable him to procure testimony explanatory of said alteration. The court refused to grant such postponement, unless the opposing counsel should consent. The defendants' counsel declined giving such consent, and argued that the action could not be maintained, even if such explanation were given. Said counsel then moved to dismiss the complaint on the following grounds: 1st. That Edwin Bouton had never been legally appointed to the office of police court clerk. 2d. That there was no power vested in the mayor and board of aldermen to appoint such clerk; but that the same was vested in the board of police, under the

Devoy *v.* Mayor &c. of New York.

act passed April 15, 1857, entitled "An act to establish a metropolitan police district, and provide for the government of the same." Thereupon the judge rejected said oath of office as evidence, and ordered the jury to find a verdict for the defendants, subject to the opinion of the court at general term, on a case to be made, with liberty to turn the same into a bill of exceptions, and the plaintiff's counsel excepted.

His honor the judge further ordered, on the consent of the respective counsel, that any explanation which the Hon. Fernando Wood, then and now the mayor of New York, should give concerning the alteration in the jurat to said oath of office, should form a part of this case. The interest upon the plaintiff's claim having been proved to be $62.35, the jury, under the direction of the judge, found a verdict for the defendants, subject as aforesaid. Subsequently the Hon. Fernando Wood, mayor of New York, in explanation of the alteration in the jurat to the oath of office aforesaid, stated, "I recollect distinctly the appointment of Edwin Bouton as a police court clerk. I also distinctly remember administering to him the oath of office mentioned in the case, on or about the day mentioned in the jurat thereto, and said Bouton then subscribed the same; that said oath was thereupon duly filed in my office, and now remains there on file. The alteration in the jurat to said oath, to the best of my recollection, arose in this manner: My then first marshal, my impression is, filled up the blank form of oath, dating the jurat 2d of January, 1858, and presenting it to me to administer the oath to Bouton; I altered this date, in good faith, to 31st December, 1857, according to what I conceived to be a legal requirement."

*Felix Hart,* for the plaintiff.

*R. F. Andrews,* for the defendants.

*By the Court,* INGRAHAM, J.   Edward Bouton was ap-
pointed clerk of the first district court, by the mayor and
board of aldermen, in December, 1857.   He performed the
duties of the office for three months.   The salary was not
paid, and the claim was assigned to the plaintiff.   This ac-
tion is brought to recover the same.

Upon the trial of the action, a certified copy of the oath
of office of Bouton, filed in the county clerk's office, properly
certified by the clerk, was offered in evidence and rejected
by the court, upon the ground that the original should be
produced.

By law, the oaths of all officers whose duties are local are
to be deposited in the county clerk's office in the county where
they reside, (1 *R. S.* 411, *5th ed.;*) and by the 121st section,
(*Id.* 868, *5th ed.*) copies of all papers filed with the county
clerk, certified by such clerk, &c., shall be evidence in all
courts, in like manner as if the originals were produced.

If the proof of his having taken the oath of office was
necessary to enable the plaintiff to recover, then the evidence
offered was admissible, and the judge erred in excluding it.
The judge excluded the oath offered from the mayor's office,
because it appeared that the date in the jurat had been alter-
ed, and the alteration was not explained.

The counsel contended that the explanation of such alter-
ation should be received from the mayor, and form part of
the case.   That explanation is now furnished with the case,
by which it appears the alteration was made by the mayor
at the time of administering the oath.   With such expla-
nation the paper should have been received in evidence, and
the subsequent receipt of this evidence to be submitted to
the general term, I think, amounts to a waiver of the objec-
tion if the explanation is satisfactory.

But even without the explanation, I think the evidence
was admissible.   The rule which excludes papers on account
of an unexplained alteration, applies to papers in possession

Devoy v. Mayor &c. of New York.

of the party to be injured or benefited thereby, but not to official documents, not in the custody or under the control of the party.

Here, the oath offered was taken before the mayor, and filed in his office. The presumption of a fraudulent alteration ought not to be indulged against the party making the oath, who never afterwards had the custody of the papers.

The main question however in this case is, whether the appointment of Bouton as clerk of the police court on the 31st of December, 1857, was valid. By the act of 1855, (*ch.* 293,) the mayor and aldermen were authorized in convention to appoint the clerks of police courts. There is no objection to the mode of appointment if the power to make it still remained in those officers.

By the police act of 1857, (*ch.* 259, § 20,)(*a*) it is enacted that the board of police shall appoint all clerks prescribed to the judicial districts in which police justices are elected, &c. If this provision is valid, then the power conferred upon the mayor, by the previous statute, was taken away. Its validity depends upon the question whether the legislature could vest the appointment in the police commissioners.

By section 2 of article 10 of the constitution, the appointment of local officers was directed to be made by county, city or town authorities, or they should be elected by the people. The construction of this provision adopted by the court of appeals is that it only applies to offices then in existence. They have also held that offices created since the adoption of the constitution may be appointed in such other mode as the legislature shall direct. The question then, in this case, is narrowed down to the simple inquiry, whether the office of police court clerk had been created prior to the new constitution of 1847; because it is conceded in the opinion in that case that if the police officers referred to in that act were, at the time of the adoption of the constitution, county or city officers, their appointment by the authorities could not

(*a*) Laws of 1857, vol. 2, p. 211.

be sustained; and if they were not created prior to that time, then the appointment under this act would be valid. (*The People* v. *Draper*, 15 *N. Y. Rep.* 532. *The People* v. *Police Board*, 19 *id.* 188.) That such office existed before the adoption of the constitution, is clear. By the act of 1833, (*ch.* 11, § 22,) the power to appoint clerks of the police office was given to the mayor &c. of New York; and by the act of 1844, (*ch.* 315,) the corporation was to designate the magistrates and clerks for each police district. The office therefore having been one in existence before the adoption of the constitution, was a local office, and the power to fill it could not be vested in the state officers, or exercised in any other manner than was provided in the constitution.

The repeal of the provisions of law adverse to the provisions of the act of 1857, did not repeal the statute under which the plaintiff claims, because so much of the act of '57 as was unconstitutional and void was no law, and the repeal referred to did not include provisions that were in conflict with that part which was void. (*Tims* v. *The State*, 26 *Ala. Rep.* 165.)

We think, therefore, that Bouton was legally appointed a clerk, notwithstanding the provisions of the metropolitan police act, and that the plaintiff was entitled to recover.

A new trial must be ordered; costs to abide the event.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]