By the Court—Monell, J.
This case turns upon the question, whether in December, 1857, the appointing power of Police Clerks was in the Mayor and Aldermen, or in the Board of Police. In April, 1855, the Legislature authorized the Mayor and Aldermen, or a majority of them, to meet in convention and appoint the Police Court Clerks, and it is under this statute that it is claimed that the appointment of Benton was legal. In 1857 it was provided by an act of the Legislature that “the Board of Police shall appoint all Court Clerks prescribed to the judicial districts in which Police Justices are elected,” &c. (Laws of 1857, chap. 569.) The 35th section of the act declares that “all statutes, parts of statutes, and provisions of law inconsistent with the provisions of this act are' hereby repealed.”
. The repealing clause in the act last referred to, if the act is a constitutional enactment, plainly and clearly repealed the act of 1855, and the power to appoint Police Clerks was taken from the Mayor and Aldermen, and conferred upon the Board of Police.
The 2d section of article 10 of the Constitution of this *368 State provides that all county officers, whose election or appointment is not therein provided for, shall be elected by the people, or appointed by the county authorities, as the Legislature shall direct; and all city, town and village officers shall be elected, &c., or appointed by such authorities thereof as the Legislature shall direct.
The construction which has been given to this section of the Constitution limits its operation to such officers as existed at the adoption of the Constitution, pursuant to the laws then in force. (People v. Draper, 15 N. Y. R., 532; Same v. Police Board, 19 Id., 188.)
It follows, then, that if the offieevof Police Clerk existed; pursuant to laws in force at the adoption of the Constitution, and is a county or city office, the Legislature had no power to confer upon other than a county or city authority the power to make the appointment.
That the office of Police Clerk was created before and existed at the adoption of the Constitution, and is a city office, I do not understand is disputed. (Laws of 1833, ch. 11, § 22.)
It is clear, I think, that the Legislature exceeded its powers when it undertook to give the appointment of Police Clerks to the Police Board, which is neither a county nor a city authority, and, hence, the act of 1855 was in force at the time Benton was appointed, and his appointment was, therefore, legal.
The repealing clause in the act of 1857 affected only such acts or parts of acts as were inconsistent with valid and constitutional provisions in the former, arid not such as were invalid and unconstitutional.
Hone of the exceptions were well taken, and must be overruled.
The plaintiff must have judgment in conformity with the verdict, with costs. '