# Tyree *v.* Rives.

### Action on Promissory Note.

1. *Evidence; objection to.*—Objection to evidence on certain specified grounds, is a waiver of objection on other grounds.

2. *Protest; what not objection to.*—It is not good ground of objection to a protest, that "the notary before whom it was executed was an officer of the rebel State of Alabama."

3. *Same; erasures in.*—The fact that a protest "has been erased in three several places," is not of itself, as matter of law, sufficient ground for rejecting it as evidence; the erasures are of more or less force, according to the time when made, the materiality of the part erased, and the like; and their effect is matter for the determination of the jury, under appropriate instructions from the court.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

Tyree brought suit against Reeves as indorser of a promissory note, payable in bank at Mobile, Alabama; and having introduced the note, offered in connection therewith a protest by a notary of that city, bearing date May 20, 1862. The defendant objected to the introduction of the protest upon the grounds stated in the opinion, and the court refused to permit it to be read in evidence, and the plaintiff excepted. This being in substance all the evidence, the court, at the request of the defendant, charged the jury, if they believed the evidence, to find for defendant. The plaintiff excepted to the giving of this charge, and in consequence thereof was forced to suffer a non-suit.

The exclusion of the protest and the charge given, are now assigned as error.

JOHNSTON & NELSON, for appellant.—The bill of exceptions does not show that the erasures were material, nor

when or by whom made. The court could not determine the question as matter of law; it was for the jury to determine under proper instructions from the court.—6 Ala. 707; 9 Mo. 705; 6 Ind. 152; 20 Vermont, 205; 12 Richardson, 387; 15 Ill. 445; 4 Ala. 212; 35 Barb. 264; 13 Metc. 405. The decision in *Parks v. Coffey*, 52 Ala. 32, settles the other objection adversely to the defendant.

PETTUS & DAWSON, *contra*.

STONE, J.—The Circuit Court, on the objection of defendant, excluded the notary's protest from the jury. The objections were specified, and were two in number. Under these circumstances we will notice only the objections specified.—1 Brick. Dig. 887, § 1194.

The objections to the introduction of the protest were: *first*, "that the same had been erased in three several places;" and, *second*, that "the notary before whom it was executed, was an officer of the rebel State of Alabama." We are not informed in what the erasures consisted, or how they affected the appearance of the paper. The objection was because of erasures, independent of the character of them. Erasures do not *per se* destroy the paper writings in which they are found. And they cast less suspicion on official papers than they do on those that are non-official. Their greatest effect is to raise inquiries of fact as to when, by whom, and for what purpose they were made. If made before, or at the time of execution, the alteration is harmless. If made afterwards, and by a stranger, the alteration is alike harmless, unless it be in some material respect. If the alteration be of a character to indicate that its purpose was to accommodate a printed form to the wants of the particular occasion, of course, it would not be likely to engender suspicion. On the other hand, if the alteration be in different handwriting, or in different ink, or show a materially different liability, or state of facts, the time and manner of, or authority for such alteration should generally be shown. The question is one for the jury, under appropriate instructions, and for extrinsic proof, if necessary. We repeat, the mere fact that the protest disclosed three erasures on its face, did not, as matter of law, justify its rejection.—See *Wilbur v. Wilbur*, 13 Metc. Mass. 405–7; *Derry v. Mayor*, &c. 35 Barb. 264; *Reed v. Kemp*, 16 Ill. 445; *Sloan v. Stanley*, 11 Ire. Law, 627; *Maybee v. Sniffin*, 2 E. D. Smith, 1; *Cole v. Hills*, 44 N. H. 227; *Beaman v. Russell*, 20 Ver. 205; *Staner v. Ellis*,

[Myer v. Hobbs.]

6 Ind. 152; *Wicker v. Pope*, 12 Rich, 387; *Boothley v. Stanley*, 34 Maine, 515; see, also, *Fontaine v. Gunter*, 31 Ala. 258; *Johnson v. McGehee*, 1 Ala. 186.

There was nothing in the second objection.—*Parks v. Coffey*, 52 Ala. 32.

Reversed and remanded.