WILLIAM E. DEMAREST, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Municipal office — payment of the salary to a de facto incumbent — New York city — aldermen — the city reorganization acts of 1870 and 1873.*

In case a person legally elected to a public office is prevented by another, under color of legal right, from enjoying it, and the intruder discharges its duties and is paid the salary of the office, the person so elected cannot recover from the municipality by which it is payable

In an action brought against the city of New York, to recover salaries demanded by persons who claimed to have been elected aldermen for the year 1877, under chapter 137 of the Laws of 1870, it appeared that the plaintiff's assignors had not performed the duties of aldermen, but that other persons. elected under chapter 335 of the Laws of 1873, as amended in 1873 and 1874, which expressly declared chapter 137 of 1870 to be repealed, had discharged the duties of the office and had been paid by the city the salaries attached thereto    The plaintiff contended that the repeal of the provisions of the act of 1870 in reference to the election of aldermen, by the act of 1873, was ineffectual by reason of the unconstitutionality of certain provisions of the act of 1873.

*Held*, without considering the question of constitutionality, that the action for salaries was not maintainable, for the reason that the payment thereof to the *de facto* aldermen afforded a complete defense to the city.

APPEAL by the plaintiff, William E. Demarest, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 29th day of May, 1893, upon an order granted at the New York Circuit dismissing the complaint on the pleadings and opening of counsel.

The action was brought to recover from the city of New York the salary for the year 1877 attached to the office of alderman, to which office the plaintiff claimed that he and his assignors had been elected.

*Seaman Miller*, for the appellant.

*W. A. Sweetser*, for the respondent.

FOLLETT, J. :

Section 3 of article 2 of chapter 137 of the Laws of 1870 provided : " § 3. The board of aldermen shall consist of fifteen members to be elected upon a general ticket from the city at large." The 6th section of the act provided that, subsequently to 1870, the aldermen should be elected at the general election held in November of every year thereafter.

Pursuant to this section the plaintiff and fourteen others became candidates for the office of aldermen at the general election held November 7, 1876, and received a majority of all the votes cast for candidates for such offices created by chapter 137 of the Laws of 1870. They took and filed an official oath, and on the first Monday of January following met and assumed to organize as a board of aldermen and expressed their willingness to discharge the duties of the office. It does not appear that any certificate of their election was made or filed by the board of canvassers. It is asserted that they were the legally elected aldermen of the city, and were entitled to hold the office from the first Monday in January, 1877, to the first Monday of January, 1879, and were entitled to the salary provided by law, for the recovery of which salary for the first year this action was brought.

By section 119 of chapter 335 of the Laws of 1873, chapter 137

of the Laws of 1870 was expressly repealed, and the number of alder-men increased from fifteen to twenty-one, and a new mode for their election prescribed. This act was amended by chapter 757 of the Laws of 1873, and again by chapter 515 of the Laws of 1874, by which it was provided :

" § 4. The board of aldermen now in office shall hold office until the first Monday in January, in the year eighteen hundred and seventy-five, the same being the term for which they were elected. There shall be twenty-two aldermen elected at the general State election which shall occur in the year eighteen hundred and seventy-four, three of whom shall be elected in each Senate district, except the eighth Senate district, and shall be residents of the district in which they are elected, but no voter shall vote for more than two of said aldermen. In the territory comprised within the eighth Senate district, and the twenty-third and twenty-fourth wards, there shall be elected four aldermen, and the aldermen to be elected in said district may reside either in said eighth Senate district or in the twenty-third and twenty-fourth wards, but no voter shall vote for more than three of said aldermen. There shall also be elected six aldermen at large, to be voted for on a separate ballot, but no voter shall vote for more than four of the said aldermen at large, and the voters of the twenty-third and twenty-fourth wards of said city are hereby authorized and empowered to vote for aldermen at large. The members of the board of aldermen shall hold office for the space of one year, and shall take office on the first Monday in January next succeeding their election, at noon. Annually thereafter, at the general State election, there shall be elected a full board of aldermen as hereinbefore provided."

At the general election held in November, 1876 and 1877, alder-men were elected under the section quoted, who discharged the duties of the office and received the salaries provided by law.

It is asserted that chapter 335 of the Laws of 1873, and the two amendatory acts, violated section 1 of article 2 of the Constitu-tion, which provides : " Every male citizen  *  *  *  shall be entitled to vote  *  *  *  for all officers that now are, or hereafter may be, elective by the People."

The view which we take of the case renders it unnecessary to consider the constitutional question, and, assuming that section 4

above quoted is unconstitutional, it is unnecessary to consider the effect of the repealing clause contained in section 119 of chapter 335, Laws of 1873. The last question would not seem to be quite the same as the one considered in *People* v. *Tiphaine* (3 Park. 241); *Devoy* v. *Mayor* (35 Barb. 264) and in *Harbeck* v. *Mayor* (10 Bosw. 366), which arose under unconstitutional statutes repealing all acts inconsistent with them. Chapter 335 of the Laws of 1873 contained many provisions, most of which are confessedly unconstitutional, and by it the act of 1870 was repealed, not by implication nor by general terms, but expressly.

Conceding that chapter 119 of the Laws of 1873, and the two amendatory acts are unconstitutional, and that the repealing clause therein is not effective, the plaintiff is not entitled to recover the salaries provided for persons holding the office of aldermen. The plaintiff and his assignors, though ready and willing to discharge the duties of the office, did not actually perform those duties, which were discharged by others, under color of legal right, who have been paid by the defendant the salaries attached to the office. During the entire term of the offices to which the plaintiff and his assignors claim to have been elected, they took no steps to establish their title to them, but permitted others to perform the functions of the offices and receive the salary which they now seek to recover from the city. This they cannot do. In case a person legally elected to a public office is prevented by another, under color of legal right, from enjoying it, and the intruder discharges its duties and is paid the compensation provided for the service, the person so elected and excluded cannot recover the salary attached to the office from the municipality by which it is payable.

In *Dolan* v. *Mayor* (68 N. Y. 274) it was held that payment of a *de facto* officer of the salary of the office, made while he is in possession, is a good defense to an action by the *de jure* officer to recover the same salary brought after he had acquired possession. The same rule was held in the later case of *McVeany* v. *Mayor* (80 N. Y. 185) and in the earlier case of *Smith* v. *Mayor* (37 id. 518).

The case of *Devoy* v. *Mayor* (36 N. Y. 449) is in harmony with the other cases cited. In that case the plaintiff was the actual incumbent of the office and discharged its duties during the time for which he recovered the salary against the city. (See, also,

Throop on Pub. Officers, § 13; Dill. Mun. Corp. [4th ed.] § 235, note; Beach Pub. Corp. § 199.)

Without considering the other questions discussed, we think that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.