Thomson, J.,
delivered the opinion of the court.
The complaint alleges that on March 8,1898, there issued out of and under the seal of the county court of Pitkincounty a special venire, addressed to the sheriff, and commanding him to summon twenty-four good and lawful per-' sous of the county, to appear before the court on that day to serve as jurors for the term; that the sheriff afterwards, and" *424 on the same day, made return of the venire that he had in obedience to the command summoned certain persons to serve as jurors; that after the jurors summoned had served as such during the term, the court issued to them its certificate, showing the number of days of service, the mileage traveled, and the amount due from the county for their services;- that certain of the jurors, after receiving their certificates, for a valuable consideration, sold and assigned them to the appellee, who presented them to the board of county commissioners for allowance and payment, which was refused. Judgment is demanded for the amount due upon them.
' The board of county commissioners, defendant, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of. action; the demurrer was overruled, and, the defendant declining to plead further, judgment was rendered for the plaintiff, from which the defendant prosecutes an appeal to this court.
The question in. controversy is whether, upon the allegations of the complaint, the county is liable for the fees of these jurors. On the 6th day of April, 1891, an act of the general assembly was approved, relating to jurors. Session Laws, 1891, p. 248.
The first section divides the counties of the state into four classes, based upon population, and makes it the duty of the board of county commissioners of any county, sixty days or more before the time appointed for holding a district court in that county, to select from its inhabitants, having the proper qualifications, .such number of competent persons to serve as jurors as is prescribed for the class to which that county belongs, the names selected to be certified by the clerk of the board to the clerk, of the district court.
The second section provides that the clerk of the district court shall write the names so certified to him on ballots, one name on each ballot, and place such.ballots in one compartment of a two compartment box, provided for the purpose; and that thirty days before the term, and afterwards as often as the court shall order, he shall call the sheriff to his assist *425 anee, and in his presence draw by chance from the compartment a sufficient number of names, placing the ballots drawn in the other compartment. This section concludes with the following provision : “ In case a jury is required in the county court, to try either civil or criminal cases, the judge of the county court shall so notify the clerk of the district court in writing, stating in such notice the number of jurors desired, whereupon the clerk of the district court shall call to his assistance the sheriff, and shall draw from the box the requisite number of jurors, and shall certify their names to the clerk of the county court, who shall then issue a venire to the sheriff to summon the jurors so drawn, and make it returnable, as the said county court may order, which court shall, so far as possible, fix the trials of jury cases for some definite time, and shall try them successively by the same panel of jurors, so far as is practicable, and when the trials áre over he shall discharge such jury from further attendance. Talesmen may be secured in the county court in the same way as they are in the district court. After said jurors are drawn and their names certified to the clerk of the county court, as provided in this section, all laws, proceedings and practice applicable to jurors in district courts, shall apply to jurors in county courts.”
The construction of the foregoing sections, disconnected from the remaining portions of the act, does not seem to us to be a matter of difficulty. Section 1 devolves certain duties upon the board of county commissioners, preparatory to furnishing the district court with jurors for the purposes of its succeeding term. Section 2, after prescribing the method of their selection for trials in that court, provides for supplying the county court, out of the list certified to the district court, with a panel of jurors to serve during the term. The intention was to furnish the county court with a regular panel for the trial of all jury cases, and to place the jurors composing it upon the same footing with jurors in the district court. It is provided that after the jurors are drawn, and their names certified to the clerk of the county court, in the mannerpre *426 scribed by the section, all laws applicable to jurors in district courts shall apply to them. Among these laws is, the following:
“ The clerk shall, without fee, furnish to each juror who shall attend at any term of court, a certificate showing the number of days that such juror shall have attended at such term; andü upon presentation thereof to the county commissioners, they shall issue to such juror their warrant upon the county treasury for the amount of the per diem and mileage of such juror.” Gen. Stats., 1888, sec. 1922.
Unless there is something further in the act under consideration by which the provisions we have recited are modified or controlled, it seems perfectly clear that regular jurors in county courts, where these provisions have been observed, are entitled to certificates showing the time of their attendance, upon presentation of which to the board of county commissioners, warrants upon the county treasury must be issued to them for their per diem and mileage.
The objection which is made in argument to this view of the law is based upon section 9 of the samé act, which reads as follows:
“In any action pending .before the county court of any county of the second, third or fourth classes, as established by this act, either party may have a jury summoned, to try the same by advancing fees for the payment of such jurors, and when judgment shall be rendered in favor of the party demanding the trial by jury, such party shall recover the fees' paid by him for such jurors, of the adverse party, and have the amount thereof taxed as part of the costs in the case. In any such action pending before the county court of counties of the first class, as established by this act, either party shall be entitled to a jury, without advancing the fees therefor.” •
The entire argument of counsel on both sides is devoted to the question of the constitutionality of this section. .We think it is clearly repugnant to section 28, article 6, of the constitution, which is as follows:
“ AH laws relating to courts shall be general and of uniform *427 operation throughout the state; and the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments and decrees of such courts severally, shall be uniform.”
The meaning of this constitutional provision is apparent upon its face. Every law affecting the manner in which justice shall be administered in courts of a given class must apply equally to all of such courts, and their power shall be the same. All county courts in the state belong to the same class. By the terms of section 9, conditions are imposed, in some of these courts, upon the right of a litigant to have his cause tried by a jury, which are not imposed in others. In counties of the first class, the court is given the power to order a juiy in a civil action without the advancement of their fees ; in all other counties such power is withheld. The language of the constitution upon the subject is unequivocal and mandatory, and section 9 is in direct conflict with its provisions.
In Woods v. Tanquary, 3 Colo. App. 515, we had occasion to consider this section. That case was tried in the county court of Arapahoe county, a county of the first class, and the defendant had demanded a jury, which was denied him for the reason, among others, that he had not advanced the fees for their payment. We held this to be error, because by the terms of the section, in counties of the first class, a party was entitled to a jury in the county court without .the prepayment of their fees. But the question of its constitutionality was not raised, nor was the attention of the court in any manner called to it. It was therefore not passed upon.
We do not think, however, that section 9 was intended to' apply to jurors summoned as a regular panel, or that it is in any particular inconsistent with section 2. It contemplates an independent summoning of a jury, upon the demand of a party, to try his own particular case. The regular jury, if one has been duly summoned, is in attendance for the term, for the trial of all jury cases. It has already been summoned, and *428 its impanelling is all that is necessary for the purposes of a trial. Section 9 does not provide that a party may have a jury impanelled to try his cause by advancing their fees. Summoned is the word used, and it is used with reference to the trial of a single case, so that evidently the jury meant-is not the regular panel. By reason of the failure of the commissioners, or of the judge of the county court, to comply with the law, a jury may not have been provided for the term, or there may be reasons why a special jury is required; and the design of the section was to, provide for such contingencies, and supply a method of obtaining a special jury when necessary. The section was evidently intended to supersede section 504 of the General Statutes. Except that section 504 applies to all county courts alike, whereas section 9 discriminates between them, the provisions of the latter section are copied from the former; and as section 9, for the reasons which we have given, is invalid, section 504 is in force; and, where the necessity exists, a jury may be obtained in pursuance of its provisions. It is true that the act contains a provision repealing all acts and parts of acts in conflict with it, but the only portion of the law with which section 504 can be said to be in conflict is section 9. It conflicts with no valid portion of the act and was therefore not repealed. A general clause in a statute, repealing all laws in conflict with it, does not repeal provisions which are inconsistent only with portions of the statute which are void. Oampau v. Detroit, 14 Mich. 275; Devoy v. New York, 35 Barb. 264; Tims v. The State, 26 Ala. 165; Harbeck v. The Mayor, etc., 10 Bosw. 366.
Where the requirements of the act in relation to regular juries have been observed, the fees of the jurors are chargeable to the county; but where they have not, and a jury is required for the trial of an individual cause, it must be summoned in that cause, and the fees must be advanced by the party demanding it.
But the demurrer should have been sustained.. The complaint contains no allegation of any selection by the commis *429 sioners of persons to serve as jurors, or certification of their names to the clerk of the district court, or any proceeding by which the county court became entitled to a jury for the term in the manner prescribed in the act. Observance of the statutory requirements is necessary to empower the county court to cause a jury to be summoned for the term, and there is no liability against the county for the fees of jurors who may be otherwise summoned. Upon what authority this jury was summoned, the complaint does not advise us ; and inasmuch as no facts upon which a liability of the county can be based are set forth, there is no cause of action stated.
The judgment will be reversed with leave to the plaintiff to amend its complaint.

Reversed.