[No. 3552.]

## THE BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY v. FIRST NATIONAL BANK OF ASPEN.

1. CONSTITUTIONAL LAW—UNIFORMITY OF PRACTICE.
Section 9 of the act of 1891 (sec. 1093 a Mills' Ann. Stats. Supp.) which undertakes to provide that in counties of first class either party to an action in the county court shall be entitled to a jury without advancing the fees therefor, but in counties of other classes the right to a trial by jury is conditioned upon the payment of jury fees in advance, is repugnant to the requirement of the constitution that the practice of all courts of the same class shall be uniform.

2. STATUTORY CONSTRUCTION—JURIES IN COUNTY COURTS.
Section 1093 Mills' Ann. Stats. (sec. 504, Gen. Stats.) relating to juries in the county court applies only where a jury has not been summoned generally for the term, or, if summoned, has been discharged, and a party demands a jury for a particular cause.

3. SAME.
When the requirements of the act of 1891 in relation to juries summoned generally for the term have been complied with, their fees are chargeable to the county.

*Error to the Court of Appeals.*

Mr. ROBERT G. WITHERS, for plaintiff in error.

PER CURIAM. The county court of Pitkin county issued to various persons certificates evidencing their services as jurors in that court. These certificates were duly transferred to the First National Bank of Aspen and by it presented to the board of county commissioners for allowance, which was refused, and thereupon the bank instituted this action in the district court of Pitkin county to enforce payment. A general demurrer to the complaint was overruled, and the defendant electing to stand thereby, a judgment was rendered against the county for the full amount claimed. Upon appeal to the court of appeals from that judgment, there was a reversal upon the ground of the insufficiency of the complaint. The latter judgment is sought to be reviewed here upon error.

The solution of the controversy depends upon a proper construction of sections 2 and 9 of an act concerning jurors found at page 248, Session Laws of 1891 ; section 504 of the General Statutes of 1883 (Mills' Ann. Stats, sec. 1093); and section 28 of article 6 of the constitution. The contention of the plaintiff is that section 2 of the foregoing act governs this case, and by it the county is liable for the fees of jurors serving in the county court. The position of the defendant is that section 9 is applicable to jurors' fees, however jurors are drawn, and that in counties of the class to which Pitkin belongs the fees are to be advanced in the first instance by the party demanding the jury, and ultimately they are to be paid by the losing party ; the county in no event being liable. The plaintiff's reply to this point is that inasmuch as section 9 provides that in counties of the second, third and fourth class the losing party must pay the jury fees, and in counties of the first class either party may have a jury without advancing fees, the section is in direct conflict with section 28, article 6 of the constitution which

ordains that " * * * the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments and decrees of such courts severally, shall be uniform." Section 9, therefore, being unconstitutional, it is said that section 504, which was intended to be superseded by section 9, is still in force, and that section 504 and section 2 of the act of 1891 together constitute the existing law relating to jurors' fees in county courts.

The argument further proceeds upon the theory that these two sections provide for different cases. Section 2 authorizes the county judge to cause a jury to be summoned to try cases generally at any term of court, in which case the county pays the fees of the jurors; section 504 applies where a jury has not been summoned under section 2, or, if so, has been discharged, and where a party demands a jury to try his particular case, in which event the losing party pays.

From this statement it will be seen that the decision here necessarily hinges upon the constitutional question raised, and thus the jurisdiction of this court is properly invoked. The court of appeals decided that section 9 is unconstitutional; that section 504 is in force and applies where a jury has not been summoned generally for the term, or, if summoned, has been discharged, and a party demands a jury for a particular cause; while section 2 is applicable only when the jurors have been summoned generally for the term under its provisions. While holding with the plaintiff upon the various contentions, it nevertheless reversed the judgment below which was in plaintiff's favor, upon the ground that the complaint did not bring the case within the provisions of section 2.

We are in entire accord with the judgment of the court of appeals upon all the branches of this case. The clear and comprehensive opinion written by Mr. Justice Thomson

(6 Colo. App. 423) fully expresses our views, and further discussion here would be merely a repetition of his argument.

The judgment of the court of appeals is therefore affirmed.

*Affirmed.*