## W. C. SIMS v. BLACK DOG.

(Filed Feb. 8, 1900.)

JURISDICTION—*Procedure—Motion to Dismiss—Osage or Kansas Indians—Paw-huska District Court.* Under the act of Congress of March 7, 1897, the district court at Pawhuska is given exclusive jurisdiction of all civil actions against the Osage or Kansas Indians residing on their reservation in Oklahoma, and the district court at Pawnee divested of the same. After this act became a law and went into effect, a civil action pending in the district court at Pawnee against an Osage or Kansas Indian residing on the Osage reservation in Oklahoma, should be dismissed, for want of jurisdiction of the subject of the action.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, District Judge.*

*W. L. Eagleton* and *B. W. Morphis,* for plaintiff in error.

*John W. Scothorn, United States Attorney* and *B. S. McGuire* and *L. M. Keys, Assistant United States Attorneys,* for defendant in error.

Opinion of the court by

BURWELL, J.: The defendant in error is a member of the Osage Indian tribe, and was at the time of the commencement of this action and ever since has been residing on the Osage Indian reservation in Oklahoma. This reservation was, by an order of the supreme court of Oklahoma, attached to Pawnee county for judicial purposes. The plaintiff in error commenced this action in the probate court of Pawnee county, and recovered

judgment in that court. An appeal was taken by Black Dog to the district court, and while the case was pending there, congress enacted into law chapter 3 of the statutes of the first session of the　Fifty-fifth congress (Vol. 30, U. S. Stat. at Large, p. 71,) establishing a court at Pawhuska; and this court, in construing that law, in the case of *Goodson v. United States*, (7 Okla. p. 117,) held, that by it the district court at Pawnee was divested of all jurisdiction in civil and certain criminal cases wherein an Osage or Kansas Indian residing on his reservation was defendant, and vested the exclusive jurisdiction of such cases in the district court of Pawhuska. The act contains no provision excepting suits pending in the district court at Pawnee from its force, and it is a settled rule of construction that if a statute which takes away from a court jurisdiction to hear and determine certain classes of cases makes no provision for the suits then pending, the court loses jurisdiction to proceed further in the cases pending, as well as of the right to entertain similar actions not commenced.

The supreme court of the United States, in the case of *Guruee v. Patrick County*, 137 U. S. 141, held that, "If a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law," citing authorities.

The motion to dismiss for want of jurisdiction of the court over the subject of the action was properly sustained. The judgment of the lower court is hereby affirmed, at the cost of the appellant, and a mandate of this court will issue to the district court of Pawnee county, sitting at Pawnee, in conformity herewith.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.