## In re DANNIELS.

(Supreme Court, Special Term, Erie County. October 28, 1911.)

1. STATUTES (§ 64*)—PARTIAL INVALIDITY—EFFECT—REGISTRATION OF VOTERS.

Laws 1911, c. 649, amended Election Law, § 159, so as to require election inspectors, at their first meeting for registration in any district wholly outside of any city or village of 5,000 or more population, to place on the register the names of all voters at the last general election, "and also those presenting themselves in person," except such as were satisfactorily proven to have ceased to be electors, and on all registration days the names of all other applicants in person for registration who were qualified voters or would be so at the election. *Held*, that invalidity of the requirement of a personal application for registration at the first meeting of the inspectors in such a district, because of its conflict with the express provisions of Const. art. 2, § 4, was sufficient to carry down with it the entire amendment requiring similar personal application on other registration days, the invalid part being so connected with the remainder that it cannot be supposed the Legislature would have passed one without the other.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66; Dec. Dig. § 64.*]

2. ELECTIONS (§ 105*)—REGISTRATION—STATUTORY PROVISIONS.

Under Const. art. 2, § 4, providing that any voters not residing in cities or villages of 5,000 inhabitants shall not be required to apply in person for registration at the first meeting of the officers in charge of the registration, the Legislature may provide for registration by personal application on other days than the first meeting of the board.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 105.*]

3. STATUTES (§ 64*)—CONSTRUCTION—INVALIDITY OF PART.

The unconstitutionality of part of a statute does not affect the validity of the remainder, unless the provisions are so interdependent that one cannot operate without the other, or are so related, in substance, that it is impossible to suppose that the Legislature would have passed one without the other.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66; Dec. Dig. § 64.*]

4. STATUTES (§ 143*)—AMENDMENT—INVALIDITY OF AMENDING LAW.

Where the statute amending an earlier law is declared unconstitutional and void, then the original law stands as though no amendment were ever passed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 211; Dec. Dig. § 143.*]

5. ELECTIONS (§ 107*)—REGISTRATION—DUTY OF INSPECTOR.

Under Election Law (Consol. Laws 1909, c. 17) § 159, providing that at the first meeting for registration in any district where only two meetings are held the inspectors shall place upon the register the names of all voters at the last election, and the names of all persons then entitled to vote, it being the duty of the inspectors to act independently of any application by the voter, and to register his name, the inspectors' failure cannot prejudice the right of the voter, but the inspectors will, by an appropriate order, be compelled to register the name of any qualified voter.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 107.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by William H. Danniels, as an elector of the county of Erie, to correct the registry of voters by adding his name thereto. Application granted.

Leroy A. Lincoln, in support of motion.

WHEELER, J.  This is an application under section 153 of the election law to correct the registry of voters in the district above named.  Owing to the passage of chapter 649, Laws 1911, amending, among other sections, section 159 of the election law, and the litigation following, in which the constitutionality of the section was challenged and the section finally adjudged unconstitutional and void, great confusion has followed in the discharge of the duties imposed on inspectors in the rural districts.  The errors disclosed in this case were doubtless unintentional.

It appears from the moving affidavits that the board of inspectors of the second election district of the town of Elma convened for the first meeting for the purpose of the registration of voters upon the 13th day of October, 1911; that at the first meeting the board omitted to place upon the register of election of said district for the year 1911 the names of a large number of persons mentioned in the papers, the said names being the names of electors in said· election district who voted at the last preceding general election as shown by the register or poll book of said election; also, that the said board of inspectors neglected and refused on said 13th day of October, 1911, that being the first day of registration for the year 1911, to place on the register of electors of said election district for the year 1911 the names of many persons enumerated, being the names of electors in said district who were known to said inspectors to be then or thereafter entitled to vote at the election for the year 1911, who had not voted at the general election of 1910.  None of the allegations stated are denied or controverted upon this application.

[1]  The relator, therefore, asks for an order directing the said board of registration to convene on the 28th day of October, 1911, and add the names of each and every such person so mentioned to the register of electors, and that said register be amended accordingly.  Section 159 of the election law, as it stood before the passage of the amendments of 1911, read as follows:

"Sec. 159.  At the first meeting for registration in any election district where only two meetings for the registration of voters are held for any general election, as provided in section 150 of this article, the inspectors shall place upon the register the names of all persons who voted at the last preceding general election, as shown by the register or poll book of such election, except the names of such voters as are proven to the satisfaction of such inspectors to have ceased to be voters in such district since such general election, and also at said first meeting and at the second meeting they shall place on the register the names of all persons known or proven to the satisfaction of the inspectors to be then or thereafter entitled to vote at the election for which such registration is made."

By chapter 649 of the Laws of 1911 this section was amended so as to read:

"At the first meeting for registration in any election district wholly outside of a city or a village having five thousand inhabitants or more, the inspectors

shall place upon the register the names of all persons who voted at the last preceding general election. as shown by the register or poll book of such election, and also those presenting themselves in person, except the names of such electors as are proven to the satisfaction of such inspectors to have ceased to be electors in such district since such general election, and upon all days of registration the names of all other persons who may appear in person before the said board and apply for registration and who are or who will be at the election for which the registration is made qualified voters."

The original and amended sections are practically the same so far as concerns the requirement that the inspectors shall register the names of all persons voting at the last preceding election. As to the matter of registering others than those voting at the last election, the amended section differs widely in its provisions from the act as it previously stood. As to such persons, the amended section requires the personal application of the voter to the board of inspectors, whereas by the original section before amendment the inspectors were required at the first and at the second meeting of the board to register the names "of all persons, known or proven to the satisfaction of the inspectors to be then or thereafter entitled to vote at the election for which such registration is made." The amended section was attacked as conflicting with the provisions of the state Constitution declaring that:

"In cities and villages having five thousand inhabitants or more * * * voters shall be registered upon personal application only; *but voters not residing in such cities or villages shall not be required to apply in person for registration at the first meeting of the officers having charge of the registry of voters.*" Const. art. 2, § 4.

The Court of Appeals of this state in its very recent decision (In the Matter of the Application of Peter W. Fraser and Reuben Ladd for an Order for a Writ of Mandamus Against the Board of Election Inspectors of the Second District of the Town of Rutland, 96 N. E. 365) has held that the Legislature exceeded its powers in providing that all voters residing outside of cities or villages with a population of 5,000 or more whose names do not appear on the poll book of the last general election shall apply in person in order to be registered, and that the attempt to impose this requirement was unconstitutional and void.

In view of this judicial determination of the highest court of the state, there still remains the question whether under the provisions of the amended section where registration is to be made on other days than the day of the first meeting of the election inspectors application must be made by the voter in person, or whether all the other provisions of the amended section must be deemed to have likewise failed and are equally void.

[2–4] There can be no question but that it is within the power of the Legislature to provide by appropriate legislation for registration by personal application on other days than the day of the first meeting of the board. Does that requirement still hold good, although the section has been declared unconstitutional in other respects? It not infrequently occurs that parts of legislative acts may be deemed un-

constitutional and the remaining portions be deemed perfectly valid and enforceable. On the other hand, it also often happens that the unconstitutional provisions are so interwoven with, and interdependent upon, the otherwise valid parts, that the entire act must fall with the illegal provisions. The question arises in this case into which of these classes of cases this section falls. It is a general rule of interpretation that the unconstitutionality of a part of a statute does not affect the validity of the remainder, unless the provisions are so interdependent that one cannot operate without the other, or so related in substance and object that it is impossible to suppose the Legislature would have passed the one without the other. Matter of Village of Middletown, 82 N. Y. 196; People ex rel. Augerstein v. Kenney, 96. N. Y. 294; People ex rel. City of Rochester v. Briggs, 50 N. Y. 566; Gordon v. Cornes, 47 N. Y. 608; People ex rel. Murphy v. Kelly, 76. N. Y. 475.

When the provision of the amended section so far as it requires personal registration on the first day fails, what is the law to govern the action of election inspectors in that regard? If the provision of the original section before amendment as to the duties and powers of inspectors on the first day of registration touching those not voting at the previous election are not to govern, then there is no legislative provision in force to regulate their acts. Is the original section unamended to govern in part, and the amended section to control as to the balance? It seems quite inconceivable that such a status of affairs can exist. We are rather of the opinion that the scheme of registration provided in the amended section must be treated as a whole, and each part be deemed dependent on the other; that one portion cannot be separated and upheld independent of the rest. In other words, the entire section must fall with the illegal portion, for the reason that the different parts are so related in substance and object that it is impossible to suppose the Legislature would have passed the one without the other. We must accept this conclusion, or be forced to the view that portions of the original and portions of the amended section are each in force, or that boards of election inspectors outside of cities and villages of 5,000 population and upwards are left with no statutory direction as to how persons not voting at the preceding election shall be placed on the register of voters. Both such conclusions we deem absurd. If, on the other hand, we accept and adjudge that the entire amendment of section 159 falls with the declared illegal part, then a clear and satisfactory solution of the situation is possible; for it is a rule of law that, where a statute purporting to amend an existing law is declared unconstitutional and void, then the case stands as though no amendment were ever passed, and the original statute still remains in force and effect. People ex rel. Farrington v. Mensching, 187 N. Y. 9, 79 N. E. 884, 10 L. R. A. (N. S.) 625, citing Devoy v. Mayor of New York, 35 Barb. 264, 270; Id., 36 N. Y. 449, 451; People v. Dooley, 171 N. Y. 74, 63 N. E. 815.

We are therefore forced to the conclusion that section 159 of the election law, as it originally stood prior to the passage of the amendment of 1911, is still the law of this state, and inspectors of election.

in rural districts must be governed by it. Under the provisions of this section, it was the clear duty of boards of election inspectors in country towns and districts on the first and second meetings to place on the register "the names of all persons known or proven  *  *  * to be then or thereafter entitled to vote at the election for which such registration is made."

[5] The statute does not even require application for registration to be made by a proxy. It becomes the duty of the inspectors to act independently of any formal application by the voter either in person or by proxy, and, when a person is known to them to be a voter, to register his name. The fact that the inspectors fail to perform this plain and explicit provision of the statute cannot prejudice the rights of a voter. The voter cannot be deprived of his constitutional right of suffrage by the neglect or oversight of election inspectors. The voter has the right to rely on the inspectors obeying the law. If the election inspectors have failed to properly register the names of persons entitled to vote, and whose names it is the duty of the inspectors to register, then a clear case is presented for an order compelling the performance of that duty. This holds good whether the whole of the amended section fails, or whether it is deemed unconstitutional in part only, and the provisions of the original section be resorted to to supply the place of that portion of the amended section deemed unconstitutional.

In the decision of questions of the character presented the courts should make such disposition of the controversy as to fully protect and preserve the constitutional rights of citizens to exercise the right of elective franchise.

The order asked for is granted.