## No. 8527.

### SAUNDERS v. THE PEOPLE.

1. JURORS—*Summoning in County Court.* Jurors are summoned in the same manner in the District and County Courts, and stand upon the same footing. (Rev. Stat., secs. 3680, 3685.)

2. *Presumptions.* Where jurors are summoned upon an open venire it is to be assumed that the contingency authorizing this procedure, under the statute, existed. A juror so drawn is no less regular than one drawn from the box.

3. COSTS—*Of the people in criminal prosecutions,* are to be paid by the county. (Rev. Stat., sec. 1077.)

4. *Liability of Convict.* No statute authorizes the taxation of jury fees, or the sheriff's mileage, or service fee, for summoning the jury, against an accused person convicted.

   A jury fee of $5.00 may be taxed. (Rev. Stat., sec. 3702.) And $15.00 as the fee of the District Attorney. Section 1532 of the Revised Statutes applies only to civil actions.

*Error to Chaffee County Court, Hon. Joseph Newitt, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. FRANCIS E. BOUCK, Deputy Attorney General and Mr. GILBERT A. WALKER, for the People.

Mr. Justice Garrigues delivered the opinion of the court.

PLAINTIFF in error, Mrs. N. V. Saunders, was convicted in the County Court of Chaffee County on an information charging that she:

"Did wilfully, unnecessarily and unlawfully torture, torment and cruelly punish one Lenice Saunders, a female child of fourteen years of age, the said child being then and there under the custody and care of the said Mrs. N. V. Saunders, the said torture, torment and cruel punishment being inflicted by beating the said child with a stick in a brutal and unlawful manner and inflicting upon the said child great and serious bodily injury."

The court entered judgment on the verdict that she serve 60 days in the county jail, pay a fine of $100.00 and the costs, and stand committed until fine and costs, taxed at $433.50, were paid. The clerk taxed the following costs against her:

"Court and Clerk fees _____$ 41.90
Jury fees, mileage and per diem _____ 118.50
Sheriff's mileage and fee for serving open venire
    for jury _____ 24.50
Sheriff's fees other than serving venire _____ 29.50
District Attorney fees _____ 15.00
Witness fees, including physician_____ 103.95"

Defendant filed a motion to retax costs as follows:

"By taxing a jury fee of $5.00 instead of $118.50; by taxing sheriff's fees at $29.50 instead of $54.20; by taxing no fee for District Attorney instead of $15.00.

First. Because the taxing of fees and mileage for jurors as costs against the defendant, is illegal and not authorized by statute.

Second. Because taxing sheriff's fees for summoning

jurors as costs against the defendant, is illegal and unauthorized by statute.

Third.  Because there is no authority to tax the fees of the District Attorney as costs against the defendant."

The motion was overruled and defendant brings the case here on error.

1.  The record is meager, but we gather from it that no regular panel of jurors was in attendance, drawn from the box and summoned as required by section 2, p. 249, S. L. 1891, which provides:

"In case a jury is required in the County Court to try either civil or criminal cases, the judge of the County Court shall so notify the clerk of the District Court in writing, stating in such notice the number of jurors desired, whereupon the clerk of the District Court shall call to his assistance the sheriff, and shall draw from the box the requisite number of jurors, and shall certify their names to the clerk of the County Court, who shall then issue a venire to the sheriff to summon the jurors so drawn, and make it returnable, as the said County Court may order, which court shall, so far as possible, fix the trials of jury cases for some definite time, and shall try them successively by the same panel of jurors, so far as is practicable, and when the trials are over he shall discharge such jury from further attendance.  Talesmen may be secured in the County Court in the same way as they are in the District Court.  After said jurors are drawn and their names certified to the clerk of the County Court, as provided in this section, all laws, proceedings and practice applicable to jurors in District Courts shall apply to jurors in County Courts."

But this is not the only method of procuring a regular panel for "either the District or County Court."  Sec. 5 of the same act provides:

"If the board of county commissioners shall fail to return a list of competent persons, or if jurors shall not be drawn and summoned as herein provided, and a jury is required in either the District or County Court, the court

shall, nevertheless, have power to cause a jury to be summoned by open venire as heretofore practiced."

The method provided by this act for summoning a panel of jurors is the same in both courts, and jurors in the County Court stand upon the same footing as jurors in the District Court.

*Giana v. People,* 30 Colo. 20, 26, 60 Pac. 504; *Pitkin Co. v. First Nat. Bank,* 6 Colo. App. 425, 40 Pac. 894.

The record shows that the court ordered a *venire facias juratores,* or open venire for six men forthwith, from the body of the county to serve as jurors until discharged, and when this panel was exhausted, the court issued a like venire for 12 more men to serve as jurors until discharged. As we said in *Giano v. People,* we must assume that the court summoned this panel upon open venire, instead of drawing from the box because a jury was required and the contingency existed provided by the statute authorizing the court to summon a panel by open venire. It therefore follows that defendant was tried by a jury selected from a panel in attendance on the County Court in the manner provided by law. A jury summoned on open venire under such an exigency is no less a regular panel than one drawn from the box.

2. Costs are a creature of statute unknown to the common law. At common law there were no costs. Our statute provides that the county must pay the costs of the people incurred by the prosecution.

S. L., 1889, p. 100; *Fremont Co. v. Wilson,* 3 Colo. App. 492, 34 Pac. 265.

The right of the county to reimbursement for such costs also depends upon the statute, and the only statute we have on the subject was passed in 1861, which provides:

"In any case where any person or persons shall be convicted of any crime or misdemeanor, in this chapter specified, or of any at common law, the court shall give judgment that the offender or offenders so convicted shall pay the costs of prosecution."

G. S., 1883, sec. 964; *Parker v. People,* 7 Colo. App. 56, 42 Pac. 172.

If this case had been tried in the District Court, or in the County Court, with a jury drawn from the box, the jury fees of the panel in attendance, mileage and *per diem,* and the sheriff's mileage, and fees for serving them could not have been taxed against the defendant under the provisions of any statute to which our attention has been called. No provision exists for splitting up or apportioning the fees among cases in which jurors, on a regular panel, have served.

3. Our attention is called to *Pitkin County v. First National Bank,* 6 Colo. App. 423, 428, 40 Pac. 894, affirmed in 24 Colo. 124, 48 Pac. 1043, holding that section 504, G. S. 1883, is still in force notwithstanding the unconstitutionality of section 9 of the act of 1891. This section provides:

"In any action pending before the County Court, either party may have a jury summoned to try the same by advancing fees for the payment of such jurors, and when judgment shall be rendered in favor of the party demanding a trial by jury, such party shall recover the fees paid by him for such jurors of the adverse party, and have the amount thereof taxed as a part of the costs in the case."

Contention is made that this was a special jury brought in under the provisions of this statute to try this particular case; that defendant made the costs, therefore the costs of summoning and empaneling the jury were taxable to her. The answer is, the statute applies to civil and not to criminal cases. In the next place, defendant did not ask for a jury; she did not want a jury; she did not want to be tried at all. There would have been no jury summoned, and no trial, if she had had her desire. The trial was forced upon her against her will by the prosecution, the constitution gave her the right of trial by jury and it was the duty of the county to furnish a jury in the manner provided by the constitution and laws of the state. The only provision for reimbursing the county in such a case

by taxing a jury fee, is found in section 3702, Gen. Stats., 1908, whch provides:

"A jury fee of five dollars shall be taxed as part of the costs of the suit in each cause tried by jury. The clerk shall pay such fee, when collected, into the county treasury."

4. We are of the opinion that the item of $118.50 for the jury fees, mileage and per diem, and $24.50 sheriff's mileage and fees for serving the open venire, should not be taxed as costs against defendant; that a jury fee of $5.00 should be taxed against her and that the item of $15.00, district attorney's fees, was properly taxed.

The judgment is reversed and the cause remanded with directions to retax the costs in accordance with the views herein expressed.

Reversed and remanded.

Decision *en banc.*