(88 App. Div. 242.)

In re HAASE, City Chamberlain.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. MUNICIPAL CORPORATIONS—HOME RULE—OFFICES—LEGISLATIVE APPOINTMENT.

Laws 1903, p. 8, c. 8, amending Laws 1894, p. 1388, c. 615, § 6 (which provided, in effect, for the election of chamberlain of a certain city, for a term of three years, on the first Tuesday of March in each year), so as to continue the city chamberlain who was in office when such amendment took effect until the expiration of the term for which he was appointed, March, 1903, and until the 31st day of December, 1903, is a virtual appointment to city office by the Legislature for such extended period, and is hence repugnant to Const. art. 10, § 2, securing to cities the selection of their own officers. Nor can the amendment be sustained on the theory that the extension of term of office was simply an incident to the general purpose of the act, which was to change the dates of municipal election from March to November, and make it concurrent with the general election.

Appeal from Special Term, Chemung County.

Proceedings under Code Civ. Proc. § 2471a, by Henry J. Haase, as chamberlain of the city of Elmira, to compel the delivery to him of books and papers belonging or appertaining to such office of chamberlain of said city, now in the possession of Seymour Lowman. From an order denying his application to vacate an order to show cause why he should not deliver to Henry J. Haase, as chamberlain of the city of Elmira, such books and papers, and ordering him to be committed to jail until he delivers such books and papers, or until otherwise discharged, said Seymour Lowman appeals. Affirmed.

See 83 N. Y. Supp. 932.

The appellant, Seymour Lowman, was appointed chamberlain of the city of Elmira for the term of three years on the 12th day of March, 1900. He was so appointed pursuant to section 6 of the charter of Elmira (Laws 1894, p. 1388, c. 615), which, at the time of his appointment, so far as it is material to this appeal, was as follows: "* * *. The term of office of the city chamberlain * * * shall be three years. * * * At the meeting of the common council on the first Tuesday next after the annual election last prior to the expiration of the term of the present city chamberlain, or at some subsequent meeting, and as soon thereafter as may be, and at the meeting of the common council on the first Tuesday next after the annual election of each and every third year thereafter, or at some subsequent meeting, and as soon as may be, the common council shall appoint one city chamberlain." Before the amendments hereinafter mentioned the charter provided in section 5 for an annual election for city officers on the first Tuesday of March in each year. It was amended by Laws 1903, p. 8, c. 8, as stated in the title, "relating to ward boundaries, the annual election and appointment of city officers and their term of office." The amendatory act, which took effect February 27, 1903, changed section 5, and provided for the election of city officers on the Tuesday succeeding the first Monday of November at the time and at the place fixed for the general election on that day. It also amended a portion

of section 6 to read as follows: "The term of office of the city chamberlain
* * * shall be three years. The city chamberlain in office when this act
takes effect shall hold his office until the expiration of the term for which he
was appointed and until the thirty-first day of December, nineteen hundred
and three, and his successor shall have been chosen as in this section pro-
vided, and qualifies. At the meeting of the common council on the first Mon-
day in January, nineteen hundred and four, and every third year thereafter
the common council shall appoint one city chamberlain for the term of three
years. * * * All appointive city officers shall enter upon the duties of
their respective offices on the day following their appointment and shall hold
office for the term in this section provided and until their successor shall
have been appointed and qualify." The common council, on March 23, 1903,
passed a resolution "that Henry J. Haase be and is hereby appointed city
chamberlain to succeed Seymour Lowman, whose term of office has expired."
Thereafter Haase filed his bond, approved by the common council, took the
constitutional oath of office, and demanded from Lowman, the appellant, the
possession of the office of city chamberlain and of all books and papers be-
longing thereto. The appellant refused to deliver the same to the respondent,
whereupon the latter brought this proceeding under section 2471a of the Code
of Civil Procedure to compel such delivery. From a final order committing
the appellant to the county jail until he delivers such books and papers to
the respondent or is otherwise discharged according to law this appeal is
taken.

Argued before PARKER, P. J., and CHASE, CHESTER, and.
HOUGHTON, JJ.

Richard H. Thurston, for appellant.

Frederick Collin, for respondent.

CHESTER, J. The only question to be determined upon this ap-
peal is whether or not the respondent, Haase, is the chamberlain
of the city of Elmira, and therefore entitled to the books and papers
of that office. His claim that he is is based upon his appointment by
the common council March 23, 1903, and upon the alleged unconsti-
tutionality of Laws 1903, p. 8, c. 8, so far as it provides for the exten-
sion of the term of office of the appellant to the 31st day of December,
1903. It has been repeatedly held that a statute extending the term
of office of a local officer was equivalent to an appointment to office
by the Legislature, and was therefore void, as counter to the home
rule provision of the Constitution (article 10, § 2). People ex rel.
Fowler v. Bull, 46 N. Y. 57, 7 Am. Rep. 302; People ex rel. William-
son v. McKinney, 52 N. Y. 374; People ex rel. Le Roy v. Foley, 148
N. Y. 677, 43 N. E. 171; People ex rel. Lovett v. Randall, 151 N. Y.
497, 45 N. E. 841; People ex rel. Eldred v. Palmer, 154 N. Y. 133,
47 N. E. 1084. Nor is it seriously contended by the appellant that
this principle is not firmly established in the law of this state, but it
is insisted in his behalf that, while a law extending his term of office,
standing alone, may be beyond the legislative power, yet here such
extension was a mere incident of constitutional legislation, and can
therefore be upheld. It is urged that the real object of the amend-
ment was to change the date of the municipal election from March to
November, and to make it concurrent with the general election, and
that the extension of the term of office was simply an incident to
such general purpose, and should be upheld with the rest of the act.
But that proposition carried to its conclusion is that a law unconsti-
tutional as to a minor or incidental part but constitutional in its prin-

cipal features should nevertheless be upheld as a whole—the max-
imum of good and constitutional legislation with the minimum of
bad.     I cannot give my assent to that doctrine.    The Special Fran-
chise Tax Cases (People ex rel. Met. St. Ry. Co. v. Tax Com'rs, 174
N. Y. 417, 67 N. E. 69, reversing 79 App. Div. 184, 80 N. Y. Supp. 85)
are cited as authority for the proposition.    I do not so understand
those cases.    While it was in effect said in their course through the
courts that the act brought in question there, so far as it authorized
the assessment of special franchises by the state board of tax com-
missioners, was an immaterial invasion of the Constitution, and that
to declare it valid required only a minor or unsubstantial infraction
of the organic law, the decision finally rested upon the conclusion that
the act was not an invasion or infraction of the Constitution at all.
The cases are therefore not an authority for the appellant's contention.
More than this, the case of People ex rel. Fowler v. Bull, supra, is
an authority against it.    In that case there was brought in question
an act (Laws 1866, c. 217) extending the term of office of the justice
and of the clerk of the district court in the Eighth Judicial District of
the city of New York, which extension was but an incident of a gen-
eral scheme to make the terms of office of all the justices and clerks
of all the districts expire at the same time, and the act, so far as it
provided for an extension of the term of office, was held to be uncon-
stitutional and void.    The Constitution (article 10, § 2) secures to
cities the selection of their own officers, and the legislative act in ques-
tion here, so far as it assumes to extend the term of office of the ap-
pellant, being an infringement of a right so secured, cannot stand.
The appellant having been on March 12, 1900, appointed chamber-
lain for a fixed term of three years, his term of office expired March
12, 1903, and at the close of that day his office was vacant for the
purpose of choosing a successor.    Public Officers Law, section 5
(Laws 1892, p. 1657, c. 681); People ex rel. Lovett v. Randall, supra.

The charter, in its provisions relating to city officers, their election
and appointment, provided for "one chamberlain,  *  *  *  who
shall be appointed by the mayor and common council."    Laws 1894,
p. 1387, c. 615, § 4, as amended by Laws 1895, p. 518, c. 371, § 1.    It
also provided that "the mayor and aldermen of the city shall consti-
tute the common council thereof."    Laws 1894, p. 1393, c. 615, § 20.
These provisions of the charter were not affected by the amendments
made by Laws 1903, p. 8, c. 8.    It was the duty, therefore, of the
common council, constituted as it was of the mayor and aldermen, to
appoint a successor to Lowman as chamberlain when his term of
office expired.    The common council were therefore acting within the
law when they passed the resolution which they did on March 23,
1903, appointing Haase, the relator, city chamberlain to succeed Low-
man.    The resolution appointing Haase did not assume to fix the
term for which he was appointed, nor is the question presented for
our determination on this appeal.    It is sufficient for us to hold that
he was lawfully appointed, and he, having duly qualified as required
by law, is entitled to the books and papers belonging to the office.

The order should be affirmed, with costs.    All concur; PARKER,
P. J., and CHASE, J., in result.