In the Matter of the Application of SEYMOUR LOWMAN, as Chamberlain of the City of Elmira, Respondent, to Compel the Delivery to Him of the Books and Papers Belonging or Appertaining to the Office of Chamberlain of the City of Elmira, and Now in the Possession of HENRY J. HAASE, Appellant.

*Term of a municipal office — legislative attempts to extend it — the local authorities may appoint an incumbent to hold until the office is filled at an election — the Legislature may abolish or abridge the term of the office.*

Chapter 8 of the Laws of 1903 amended the charter of the city of Elmira by changing the time of the municipal election from March to November. Both the original and amended charter provided that the common council, consisting of the mayor and aldermen, should appoint a city chamberlain, whose term of office should be three years. The amended charter directed that the first appointment of a city chamberlain thereunder should be made on the first Monday in January, 1904, and that a new appointment should be made every third year thereafter. The term of the city chamberlain in office at the time that the amendment took effect expired March 8, 1903, and the amended charter attempted, in violation of section 2 of article 10 of the State Constitution, to extend his term until the first Monday in January, 1904.

March 23, 1903, the mayor and common council, ignoring the attempted legislative extension, appointed one Haase to the office. On the first Monday in January, 1904, the officers elected under the amended charter in November, 1903, appointed one Lowman to the office of city chamberlain for a term of three years.

*Held*, that Haase was not appointed for a term of three years, but for a term expiring on the first Monday in January, 1904;

That the office of chamberlain being a legislative one, the Legislature could abolish it or abridge the term thereof.

APPEAL by Henry J. Haase from an order of the Supreme Court, made by a justice of said court and entered in the office of the clerk of the county of Chemung on the 4th day of March, 1904, directing that the appellant be committed to the county jail of Chemung county until the delivery by him to the respondent of all the books and papers belonging and appertaining to the office of chamberlain of the city of Elmira, or until otherwise discharged according to law.

*Halsey Sayles*, for the appellant.

*Richard H. Thurston*, for the respondent.

HOUGHTON, J.:

Prior to the year 1903 the municipal elections of the city of Elmira had been held in March. In that year, by chapter 8 of the Laws of 1903, taking effect on the twenty-seventh day of February, the charter was amended by abolishing the March elections and directing that they thereafter be held on general election day in November. The old as well as the amended charter provided that the common council, consisting of the mayor and aldermen (§ 20,* as amd. by Laws of 1903, chap. 8), should appoint a city chamberlain, whose term of office should be three years, and the amended charter directed that the first appointment should be made on the first Monday of January, 1904, and every third year thereafter. At the time the amendment went into effect a city chamberlain was in office, whose term of three years expired March eighth following. The amendment attempted to extend the term of this official beyond that period and to the first Monday of January, 1904. The common council, however, ignored the extension and appointed the appellant Haase to the office, reciting that he was appointed to succeed the former incumbent, whose term of office had expired. The incumbent refused to deliver the books and papers, and this court held in *Matter of Haase* (88 App. Div. 242) that the attempted extension was in violation of section 2 of article 10 of the Constitution. New officials were elected in November last, and on the first Monday of January, 1904, they appointed the respondent Lowman city chamberlain for the term of three years, and this proceeding is taken under section 2471a of the Code of Civil Procedure to compel appellant Haase to deliver to him the books and papers appertaining to the office. No point is made that this proceeding is not the proper mode of presenting the question whether the appellant Haase, on the 23d day of March, 1903, was appointed for the term of three years, or for a term expiring on the first Monday of January, 1904.

The justice making the order held that the appointment was for the latter period and not for the full term, and that the subsequent appointee was entitled to the books and papers appertaining to the office, and directed their delivery. We think this was proper and that his order should be affirmed.

* Laws of 1894, chap. 615.— [REP.

The primary object of the amendment was to change the munici-
pal elections from March to November. For the purpose of bridg-
ing the hiatus which would exist in the case of those officials whose
terms of office expired in March, 1903, the Legislature attempted
to extend their terms of office. In this it failed because it had no
right so to do. But the amendment expressly provided when new
officials should be elected, and when those officials should appoint
incumbents to the various appointive offices, and that time was fixed
as the first Monday of January following the election. The action
of the common council on the 23d day of March, 1903, in appointing
the appellant city chamberlain must be assumed to have been taken
for the purpose of filling the office until there could be a regular
appointment on the first Monday of January following. The office
being a legislative one could be abolished by the Legislature, or the
term could be abridged. (*Koch* v. *Mayor*, 152 N. Y. 72.) Except
for the action of the common council in March, 1903, under the
provisions of section 5 of the Public Officers Law, the former
incumbent would have held over after the expiration of his term
and until the appointment of his successor on the first Monday of
January, 1904, and until said successor had qualified.

In *Matter of Haase* (*supra*) we held, in effect, that only that part
of the act of 1903 which attempted to extend the term of office was
unconstitutional, and that the remaining provisions were valid.

The appellant was appointed to the office under a law which, as
amended, provided that a new common council should be elected in
the following November, whose duty it would be in conjunction
with the mayor, who was a member thereof, to appoint a city
chamberlain on the succeeding first Monday of January. He must,
therefore, we think, be deemed to have been appointed to fill the
vacancy caused by law from March, 1903, to the first Monday of
January, 1904. Viewed in this manner the legislative enactment,
eliminating the unconstitutional portion, is capable of execution.
If the term for which appellant was appointed be said to be three
years, then each appointment must hereafter be made in March
instead of January as commanded by the act. This could be obvi-
ated in no other way than by permitting an incumbent to hold
over until the following January. Such a construction would be
unreasonable and do violence to the main object of the statute,

which was the changing of the time of elections and consequently the time of filling the appointive offices.

The order should be affirmed, with ten dollars costs and printing disbursements.

All concurred, except SMITH, J., not voting.

Order affirmed, with costs.